Paul R. Kiesel (SBN 119854)
Kiesel@kiesel-law.com
Helen Zukin (SBN 117933)
Zukin@kiesel-law.com
Melanie Palmer (SBN 286752)
Palmer@kiesel-law.com
**KIESEL LAW LLP**
8648 Wilshire Boulevard
Beverly Hills, CA  90211
Tel:   310-854-4444
Fax:  310-854-0812

(*Additional Counsel listed on signature page*)

**Attorneys for Plaintiff**

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| FLORENCE BUCHANAN,<br><br>           Plaintiff,<br><br>vs.<br><br>JOHNSON & JOHNSON, et al,<br><br>           Defendants. | CASE NO. 2:15-cv-05315-PA-AGR<br><br>**PLAINTIFF'S OPPOSITION TO ETHICON, LLC'S MOTION FOR RECONSIDERATION OF *SUA SPONTE* REMAND ORDER**<br><br>DATE:       September 14, 2015<br>TIME:       1:30 p.m.<br>CTRM.:      15<br>JUDGE:      Hon. Percy Anderson |

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

Plaintiff files this opposition to Defendant Ethicon, LLC's ("Ethicon") motion for reconsideration of the remand order.  Plaintiff respectfully requests that the Court deny Ethicon's motion for reconsideration because:

This Court's July 21, 2015, order remanding Plaintiff's claims is well reasoned and correct;

    (1)    This Court remanded Plaintiff's claims on <u>both</u> substantive and procedural grounds;

    (2)    This Court lost jurisdiction over Plaintiff's claims upon remand;

    (3)    The Ninth Circuit Court of Appeals does not have jurisdiction over Plaintiff's claims because no exception applies;

    (4)    Ethicon raises no legitimate due process concerns; and

    (5)    The JPML vacated its conditional transfer order when this Court remanded Plaintiff's case.

## I.    INTRODUCTION & SUMMARY OF ARGUMENT

On December 30, 2013, sixty-seven (67) Plaintiffs who suffer from pelvic organ prolapse and/or stress urinary incontinence, and who have been vaginally implanted with the same surgical mesh kits designed, manufactured, marketed, and sold by Defendants, joined together to file suit in California state court. On February 5, 2014, Ethicon, Inc. removed Plaintiffs' joint action. Judge Jesus G. Bernal remanded the case to California state court on March 12, 2014. *See* Declaration of Mark Sparks ("Sparks Decl.") Ex. 1.

Back in state court, Ethicon, Inc. sought to have the claims of each individual plaintiff severed. Judge William F. Highberger granted Ethicon, Inc.'s severance motion over a year after filing of the initial complaint. *See* Sparks Decl. Ex. 2. In doing so, Judge Highberger did not require that the individual Plaintiffs file new complaints or pay additional filing fees. *Id.* Instead, Judge Highberger severed the joint action under docket number BC531848 by adding an alpha suffix for each individual Plaintiff. Thus, the severed actions are numbered BC531848A – BC531848OOO. *Id.*

Once severed, Ethicon, LLC, (not Ethicon, Inc.) removed the claims of sixty-four (64) of the original sixty-seven (67) plaintiffs back to federal court. Five (5) of the removed cases were assigned to this Court.[1]  On July 21, 2015, this Court entered a *sua sponte* order for each of the five cases before it, remanding them for a second time.  Since then, state court proceedings have continued to proceed before Judge Highberger.   Additionally, the JPML vacated its conditional transfer order of Plaintiffs' claims to the Ethicon MDL proceeding in West Virginia. *See* Sparks Decl. Ex. 3.

Despite the remand vesting jurisdiction in the California state courts, Ethicon filed with this Court a motion for reconsideration of the July 21, 2015, remand. Shortly afterwards, Ethicon filed a notice of appeal of the same order with the Ninth Circuit Court of Appeals.  This Court then issued an order on August 17, 2015, concluding that it lacked jurisdiction to consider Ethicon's motion for reconsideration due to Ethicon's appeal to the Ninth Circuit.  Thereafter, upon Ethicon's motion, this Court vacated its August 17, 2015, order and concluded that the notice of appeal did not deprive it of jurisdiction over Ethicon's motion for reconsideration.   Plaintiff now files this response to Ethicon's motion for reconsideration and asks the Court to deny Defendant's motion because the July 21, 2015, remand order deprived both this Court and the Ninth Circuit of jurisdiction over Plaintiff's claims.

---

[1] The cases assigned to this Court are:

    (1) *Florence Buchanan v. Johnson & Johnson, et al.*, CV 15-5315 PA (Ex);

    (2) *Sara Carmona v. Johnson & Johnson, et al.*, CV 15-5317 PA (Ex);

    (3) *Mary Orsi v. Johnson & Johnson, et al.*, CV 15-5371 PA (GJSx);

    (4) *Xochilt Robinson v. Johnson & Johnson, et al.*, CV 15-5382 PA (FFMx); and

    (5) *Vickie Skelton v. Johnson & Johnson, et al.*, CV 15-5385 PA (Ex).

## II.   ETHICON'S MOTION FOR RECONSIDERATION SHOULD BE DENIED

### A. *Defendant's Motion for Reconsideration is Improper Under the Federal Rules of Civil Procedure.*

Reconsideration under Rule 59(e) "is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Similarly, reconsideration under Rule 60(b) "provides for reconsideration only upon showing of (1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) extraordinary circumstances which would justify relief." *Id.* (citing *Fuller v. M.G. Jewelry*, 950 F.2d 1437, 1442 (9th Cir. 1991). "The overwhelming weight of authority is that the failure to file documents in an original motion or opposition does not turn late filed documents into "newly discovered evidence.'" *School Dist. No. 1J*, 5 F.3d at 1263 (citations omitted).

In their Motion for Reconsideration Defendant has failed to prove that any reason exists that would warrant this Court reconsidering its prior order remanding this case to state court.  Defendant has not pointed this Court to any mistake, inadvertence, surprise, excusable neglect, newly discovery evidence or fraud.

Defendant's only basis for arguing that this Court should reconsider its prior order is that the Court lacked jurisdiction to consider the issue *sua sponte*.  This is not only untrue, it is not even a sufficient basis for this Court to reconsider its prior order.

Since Defendant has failed to establish that reconsideration is warranted under the Federal Rules of Civil Procedure, Defendant's Motion for Reconsideration

PLAINTIFF'S OPPOSITION TO ETHICON'S MOTION FOR RECONSIDERATION OF *SUA SPONTE* REMAND ORDER

should be denied in its entirety.   Regardless of whether the standard for reconsideration has been met, respectfully, this Court lacks jurisdiction to even examine such standards, let alone apply them.

### B. This Court Lacks Jurisdiction over Ethicon's Motion for Reconsideration

"An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  28 U.S.C. § 1447(d).  As the Ninth Circuit has held:

> **Remand orders based on a defect in removal procedure or lack of subject matter jurisdiction are immune from review even if the district court's order is erroneous.**

*Yakima Indian Nation v. State of Wash. Dept. of Revenue*, 176 F.3d 1241, 1248 (9th Cir. 1991).  There are few exceptions to the expansive rule of Section 1447(d), and none of them apply here.

The Supreme Court has recognized three limited exceptions to Section 1447(d)'s bar on review of a remand order:

(1)   The remand order is not based on Section 1447(c) grounds;[2]

(2)   The remand order contains "a collateral decision that is severable from the remand order";[3] or

(3)   The remand order is based on "ground that [the district court] had no authority to consider."[4]

---

[2] *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 346 (1976) ("[O]nly remand orders issued under § 1447(c) and invoking the grounds specified therein . . . are immune from review under § 1447(d)."

[3] *City of Waco v. U.S. Fid. & Guar. Co.*, 293 U.S. 140, 143 (1934) (holding § 1447(d) inapplicable to the portion of a remand order that dismissed a cross-claim because the dismissal "in logic and in fact . . .  preceded [the order] of remand and was made by the District Court while it had control of the cause . . . .").

[4] *Thermtron*, 423 U.S. at 346.

1    Here, the remand order is based on Section 1447(c) grounds.  Section 1447(c) covers

2    "a defect in removal procedure" or the "lack [of] subject matter jurisdiction."

3    28 U.S.C. § 1447(c).  The remand order in this case was based on both procedural

4    and jurisdictional grounds because the amount in controversy is jurisdictional and

5    timeliness is procedural.  *See* Order Granting Remand, at 2–5.

6         Similarly, there is no collateral decision at issue, and there can be no debate

7    that the Court has authority to remand based on a lack of jurisdiction.  As such, the

8    plain language of Section 1447(d) requires that this Court decline consideration of

9    Defendant's motion for reconsideration of the order granting remand.

10   ### C. The Court's **Sua Sponte** *Remand Was Jurisdictional in Nature*

11        As this Court recognized in its July 21, 2015, order granting remand, "the

12   amount in controversy requirement is jurisdictional."  Order Granting Remand, at 5

13   n.2.  Numerous cases within the Ninth Circuit support *sua sponte* remand when a

14   defendant fails to provide sufficient evidence establishing the amount in

15   controversy.  *See, e.g.*, *Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992); *In re*

16   *Ford Motor Co.*, 264 F.3d 952, 956 (9th Cir. 2001) ("[T]he district judge properly

17   raised sua sponte the issue of whether the consolidated complaint alleged more than

18   $75,000 in controversy . . . ."); *Johnson v. Nw. Airlines*, 2007 WL 2470172, at *2

19   (N.D. Ca. 2007).

20        Ethicon fails to acknowledge the controlling Ninth Circuit precedent that the

21   amount in controversy requirement is jurisdictional.  Instead, Ethicon supports its

22   position by citing only to decisions from other circuits.  Similarly, Ethicon's position

23   that the Court is "required" to first consider evidence submitted by the parties before

24   issuing a remand order is unsupported in its brief or in the law.  The numerous cases

25   in the Ninth Circuit cited above, which permit *sua sponte* remand based on failure

26   to establish amount in controversy, prove otherwise.  As such, the Court's *sua sponte*

27   order granting remand relied on <u>both</u> jurisdictional and procedural grounds.  The

28

Court's order was therefore proper.

## III.    CONCLUSION

The Defendant's motion for reconsideration should be denied because this Court lacks jurisdiction to revisit its remand, and no exception applies.


DATED: August 24, 2015            Respectfully submitted,

**THE MOSTYN LAW FIRM**


By:   */s/ Mark Sparks*
                                  J. Steve Mostyn
                                  Mark Sparks

**ARNOLD & ITKIN, LLP**
                                  Kurt B. Arnold
                                  Jason A. Itkin
                                  Noah M. Wexler
                                  Caj D. Boatright

**KIESEL LAW LLP**
                                  Paul R. Kiesel
                                  Helen Zukin
                                  Melanie Palmer

**Attorneys for Plaintiffs**

PLAINTIFF'S OPPOSITION TO ETHICON'S
MOTION FOR RECONSIDERATION OF *SUA
SPONTE* REMAND ORDER

**PROOF OF SERVICE**

I, the undersigned, declare that: I am over the age of 18, employed in the State of Texas and not a party to the within action. My business address is 6280 Delaware, Beaumont, Texas 77706.

On August 24, 2015 I served a copy of the foregoing document described as **PLAINTIFF'S OPPOSITION TO ETHICON, LLC'S MOTION FOR RECONSIDERATION OF *SUA SPONTE* REMAND ORDER** on all interested parties in this action as follows:

X     **ELECTRONICALLY VIA ECF:** the above entitled document to be served electronically through the United States District Court, Central District of California, Western Division ECF website, addressed to all parties appearing on the Court's ECF service list. The file transmission was reported as complete and a copy of the "Filing Receipt" page will be maintained with the original document in our office.

X     **FEDERAL**: I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on August 24, 2015, at Beaumont, Texas.


*/s/ Mark Sparks*
Mark Sparks

PLAINTIFF'S OPPOSITION TO ETHICON'S
MOTION FOR RECONSIDERATION OF *SUA
SPONTE* REMAND ORDER